IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No. 16-cv-6549 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| Reginald Miles. | ) | |

**MEMORANDUM OPINION AND ORDER**

After a jury convicted him of attempted bank robbery and a related firearms offense, Reginald Miles received a mandatory life sentence under the federal three strikes law, 18 U.S.C. § 3559(c)(1) (West eff. Oct. 29, 1994).[1]  Miles's motion under 28 U.S.C. § 2255 to vacate or set aside his sentence based on *Johnson v. United States*, 576 U.S. 591 (2015), is before the court. Miles contended in his opening § 2255 motion that *Johnson*'s reasoning could be extended to the United States Sentencing Guidelines and that he no longer qualified as a career offender under § 4B1.2 of the guidelines.  Miles's arguments evolved in light of subsequent Supreme Court decisions.  He now argues that the residual clause of the three strikes law's definition of a "serious violent felony," which definition qualifies a conviction as a strike, 18 U.S.C. § 3559(c)(2)(F)(ii), is void for vagueness under *Johnson's* reasoning.  He also maintains that his Illinois robbery convictions are not strikes because they do not meet the definition of the enumerated offense of robbery, § 3559(c)(2)(F)(i).  For the following reasons, the court denies Miles's § 2255 motion because his Illinois robbery convictions continue to qualify as strikes

---

1 Citations to, and quotations from, the three strikes law in this opinion refer to the 1994 version of the three strikes law in effect on the date of Miles's offense.  *See* Pub. L. No. 103-322, 108 Stat. 1982 § 70001 (Sept. 13, 1994) (codified at 18 U.S.C. § 3559 (1994 & Supp. I)).  Congress amended the three strikes law effective November 13, 1998, to add possession of a firearm to the list of enumerated offenses qualifying as a strike under 18 U.S.C. § 3559(c)(2)(F)(i). Pub. L. No. 105-386, 112 Stat. 3470 § 1(b) (Nov. 13, 1998).  The three strikes law has been amended several times since. The parties do not argue that any of these amendments are material to Miles's § 2255 motion.

under the enumerated offenses clause. *See Stokeling v. United States*, 139 S. Ct. 544 (2019); *Klikno v. United States*, 928 F.3d 539, 549 (7th Cir. 2019).

## I. Background

Miles was indicted on two counts stemming from an attempted armed bank robbery that occurred on February 9, 1998. Count I charged him with attempted armed bank robbery in violation of 18 U.S.C. § 2213(a) and (d). Indictment 1, Cr. ECF No. 10.[2] Count II alleged a violation of 18 U.S.C. § 924(c)(1), using a firearm in furtherance of a crime of violence. Indictment 2.

### A. Trial and Appeal

The court held a one-week jury trial in November 1998. The Seventh Circuit summarized the evidence presented at trial in part as follows:

> On February 9, 1998, Reginald Miles walked into the Midland Federal Savings Bank in Chicago, Illinois and approached one of the tellers. Miles initially told the teller that he wanted to open a new account, but then drew a gun and exclaimed "this is a robbery, nobody move!" Miles pointed his gun at bank security guard Keith Contant, who was standing 25 to 35 feet away from him. Contant responded by drawing his own gun and firing several shots at Miles. Bank employees immediately sought shelter from the gunfire underneath counters and desks; one employee activated an alarm. During this shoot-out, Miles backed towards the bank's exit and then fell to the floor. When Contant saw Miles drop, he concluded that one of his shots must have struck Miles and stopped firing his gun. While Contant went to see whether the bank employees were injured, Miles got up and left the bank.

*United States v. Miles*, 207 F.3d 988, 989–90 (7th Cir. 2000).

Miles limped to an alley and fled in a car matching the description of a car later found at Miles's residence. *See id.* at 990. Acting on a tip from Miles's probation officer, FBI agents

---

2   Citations to "Cr. ECF No." refer to the docket of Miles's criminal case no. 98-cr-107. Citations to "Civ. ECF No." refer to the docket of Miles's § 2255 proceeding, case no. 16-cv-6549.

arrested him within a few days. *See id*. Miles testified at his trial that unknown assailants kidnapped him in Gary, Indiana, on the day of the bank robbery. *See id.* at 991.

The jury returned a guilty verdict as to both counts. Verdict Form, Cr. ECF No. 58. As discussed in more detail below, this court sentenced Miles to a mandatory life sentence on count I and a five-year consecutive sentence for the firearms offense charged in count II. Judgment 2, Cr. ECF No. 77.

On appeal, Miles challenged various evidentiary rulings at his trial. *See* 207 F.3d at 991–94. He did not challenge his sentence. *See id.* The Seventh Circuit affirmed in all respects. *Id*. Miles did not petition the Supreme Court for a writ of certiorari.

**B. Sentencing**

As relevant to this case, a person must be sentenced to life under the three strikes law if "the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of 2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i). The term "serious violent felony" means:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder; manslaughter other than involuntary manslaughter; assault with intent to commit murder; assault with intent to commit rape; aggravated sexual abuse and sexual abuse; abusive sexual contact; kidnapping; aircraft piracy; robbery (as described in section 2111, 2113, or 2118); carjacking; extortion; arson; firearms use; or attempt, conspiracy, or solicitation to commit any of the above offenses; and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

18 U.S.C. § 3559(c)(2)(F) (some internal citations omitted). Courts commonly refer to the first clause, listing several specific offenses, as the enumerated offenses clause and the second clause as the residual clause. *See, e.g.*, *Haynes v. United States*, 873 F.3d 954, 955 (7th Cir. 2017).

3

In addition to the February 1998 attempted bank robbery charged in the instant case, the government gave notice before trial that it intended to rely on five of Miles's prior convictions as predicate serious violent felonies under the three strikes law (Information, Cr. ECF No. 53):

1. A 1988 conviction for possession of a weapon in a United States penitentiary, United States District Court for the District of Kansas, case no. 87-30028-01. Miles committed this offense on May 12, 1987;

2. A 1985 conviction for armed robbery, United States District Court for the Eastern District of Wisconsin, case no. 84 CR 143. Miles committed this offense on October 9, 1984;

3. A 1978 conviction for armed robbery, Circuit Court of Cook County, Illinois ("Cook County Circuit Court"), case no. 78-15599;[3]

4. A 1973 conviction for entering a bank with intent to commit a felony, United States District Court for the Northern District of Indiana, case no. 73 CR 41; and

5. 1968 convictions for armed robbery and aggravated battery, Cook County Circuit Court, case no. 67-3352.

Miles argued before his sentencing hearing that two of these convictions did not qualify as serious violent felonies: offenses one and four in the above list. *See* Def.'s Sent. Mem. 2–3, Cr. ECF No. 74; Def.'s Suppl. Sent. Mem. 1–2, Cr. ECF No. 72. The government withdrew the 1988 offense (item one) in response. Gov't Resp. to Def.'s Sent. Mem. 3–4, Cr. ECF No. 75; Sent Tr. 6. The government also urged the court not to rule on whether Miles's 1973 conviction

---

3   Miles's Pre-Sentence Report ("PSR") states, most likely erroneously, that Miles was convicted in this court. PSR 7 ln. 166. The report also lists the associated case number as 78 CR 15579. *Id.*

4

qualified as a strike because his other convictions, together with the instant case, subjected him to a mandatory life sentence. Gov't Resp. to Def.'s Sent. Mem. 2–3.

Additionally, the parties raised several challenges to the proposed findings concerning the sentencing guidelines in Miles's pre-sentence report ("PSR"). *See, e.g.*, Def.'s Sent. Mem. 3, Def.'s Suppl. Sent. Mem. 2. Among other things, Miles took issue with using some of his prior convictions as predicates for finding that he was a career offender under § 4B1.2 of the guidelines. Def.'s Sent. Mem. 3.

This court found it unnecessary to resolve the parties' dispute over the guidelines at the sentencing hearing because the three strikes law dictated Miles's sentence. *See* Sent Tr. 15. The court also specifically declined to resolve the parties' dispute over whether Miles's 1973 conviction qualified as a serious violent felony under the three strikes law. Instead, the court decided not to rely on that conviction (number four in the above list) as the basis for its life sentence.[4] *See* Sent. Tr. 6–8.

## II. Analysis

In his opening § 2255 motion, Miles contended that he no longer qualified as a career offender under § 4B1.2 of the United States Sentencing Guidelines in light of *Johnson v. United States*, 576 U.S. 591 (2015). *See* § 2255 Motion at 14–20, Civ. ECF No. 1. *Johnson* did not concern the sentencing guidelines. The Court in *Johnson* struck down the residual clause in the definition of "violent felony" found in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as void for vagueness. 576 U.S. at 597–606. Miles argued that the

---

4    The court noted at sentencing that Miles disputed whether he used, rather than possessed, a weapon in connection with his 1968 armed robbery conviction. Sent. Tr. 11. Although the court did not resolve this dispute, the court was "inclined to believe that Mr. Miles may be correct that this '67 conviction did not involve his using a weapon." Sent. Tr. 12.

career offender guideline's residual clause was indistinguishable from the ACCA's residual clause, so one of Miles's convictions could no longer be used to hold him responsible as a career offender. See § 2255 Motion at 13–18.

When Miles filed his § 2255 motion, whether *Johnson* was retroactive on collateral review and whether *Johnson*'s reasoning applied to the career offender guideline were open questions. A pair of subsequent Supreme Court cases clarified the governing principles. In *Welch v. United States*, 578 U.S. 120, 135 (2016), the Court held that "*Johnson* is retroactive in cases on collateral review." In the second case, *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the court held that the advisory guidelines "are not subject to a vagueness challenge under the Due Process Clause." The Court reasoned that the advisory guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* *Beckles* precludes due process challenges, including *Johnson* vagueness challenges, to the career offender guideline by people sentenced after the guidelines became advisory in *United States v. Booker*, 543 U.S. 220 (2005).

This court sentenced Miles pre-*Booker* under a mandatory guidelines regime, however. The case of *Cross v. United States*, 892 F.3d 288, 304–06 (7th Cir. 2018), holds "that defendants who were sentenced under the mandatory Guidelines may bring *Johnson*-based vagueness challenges to the career-offender guideline." *Daniels v. United States*, 939 F.3d 898, 900 (7th Cir. 2019); *see also D'Antoni v. United States*, 916 F.3d 658, 661–65 (7th Cir. 2019). The *Cross* court also "invalidated the residual clause of the 'crime of violence' definition in the career-offender guideline and applied that ruling retroactively, authorizing relief under § 2255." *Daniels*, 939 F.3d at 900 (citing *Cross*, 892 F.3d at 299–304).

6

Because Miles was sentenced before *Booker*, *Cross* opens an avenue for him to mount a *Johnson* challenge to the application of the career offender guideline. The government does not argue otherwise. It argues that Miles's challenge to the career offender guideline need not be resolved because the mandatory federal three strikes law, 18 U.S.C. § 3559(c), dictated his sentence. *See* Gov't Resp. 10–12, Civ. ECF No. 23.

Miles replies by raising a *Johnson* challenge to the three strikes law's residual clause.[5] *See* Reply 1, Civ. ECF No. 27. He concedes, as he must, that his federal bank robbery conviction in this case qualifies as one of his three 'strikes' under § 3559(c)(1). Def.'s Suppl. Br. 1, Civ. ECF No. 42. But Miles disputes that his 1968 and 1978 Illinois robbery convictions

---

5    Miles challenged the three strikes law for the first time in his reply brief. Generally, "arguments raised for the first time in a reply brief "are waived because they leave no chance to respond." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (citing *Wonsey v. City of Chi.*, 940 F.3d 394, 398 (7th Cir. 2019) (other citation omitted)). The court does not apply the waiver doctrine here because the government anticipated Miles's attack on the three strikes law, and argued against the attack, in its response memorandum. *See* Civ. ECF No. 23 at 11–13. Additionally, the parties submitted unsolicited supplemental briefing further refining their positions on this issue, and neither side objects to the court reaching this issue. *See* Suppl. Briefs, Civ. ECF Nos. 42 and 43.

meet the generic federal definition of robbery for purposes of the three strikes statute.[6] *See*
§ 3559(c)(2)(F)(i) (enumerated offenses); Reply 1; *but see* § 3559(c)(3)(A).[7]

The residual clauses of the ACCA and the three strikes law use nearly identical language to define a serious violent felony (three strikes law term). *Compare* 18 U.S.C. § 3559(c)(2)(F)(ii), *with id.* § 924(e)(2)(B)(i). The Seventh Circuit has not yet ruled on whether § 3559(c)(2)(F)(ii)'s residual clause is void for vagueness under the reasoning of *Johnson*. A district court held in 2017 that the § 3559(c)(2)(F)(ii) residual clause was void in *Haynes v.*

---

6   Miles also argues that his 1968 aggravated battery conviction does not count as a § 3559(c)(1) strike because it should have "merged" with the armed robbery charge on which he was also indicted and because aggravated battery, as charged, was not punishable by at least ten years' imprisonment. Reply 7. As far as the court can tell, the government's theory for counting the aggravated battery charge as a strike rests on the residual clause. Miles cites nothing in support of his merger argument. *See id.* Based on the limited information the court has about Miles's 1968 conviction (no charging or plea documents are in this record), Miles's argument about the statutory maximum for aggravated battery appears to be correct. The date of Miles's offense does not appear in the record, but the PSR states that he was arrested on September 30, 1967. PSR 6 ln. 138. The PSR states that Miles was indicted on aggravated battery in which he "caused bodily harm" and "used a deadly weapon." *Id.* ln. 142. The deadly weapon charge corresponds to Ill. Rev. Stat. Ann. Ch. 38 § 12-4(b)(1), p. 1543 (1967) (eff. Sept. 1, 1967), for which the maximum punishment was five years' imprisonment. Effective September 1, 1967, Illinois law authorized up to a ten-year maximum sentence for aggravated battery if the defendant "intentionally or knowingly causes great bodily harm or permanent disability or disfigurement." *Id.* § 12-4(a). Nothing in the record indicates that Miles was charged with, or pleaded guilty to, such a charge. The government maintains that Miles has procedurally defaulted this argument because he could have raised it at sentencing or on appeal. *See* Civ. ECF No. 23 at 12–13. Because the court concludes that Miles's Illinois armed robbery convictions continue to count as strikes under § 3559(c), the court does not reach the government's procedural default arguments. Nor does the court determine definitively whether Miles's 1968 aggravated battery conviction qualifies as a strike.

7   Section 3559(c)(3)(A) states that prior convictions for robbery shall not serve as a basis for sentencing if the defendant:

> establishes by clear and convincing evidence that—
>
> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
>
> (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

18 U.S.C. § 3559(c)(3)(A).

*United States*, 237 F. Supp. 3d 816, 823 (C.D. Ill. 2017), but the Seventh Circuit did not rule on the issue on appeal because it lacked appellate jurisdiction, *Haynes v. United States*, 873 F.3d 954, 956–57 (7th Cir. 2017).

This court need not resolve Miles's arguments concerning the three strikes law's residual clause because his Illinois robbery convictions continue to qualify under the enumerated offense clause. Miles's attack on the use of his Illinois robbery convictions as three strikes predicates focuses on the amount of force Illinois law required to sustain those convictions. *See* Reply 2–6. He cites cases he argues stand for the proposition that minimal (*de minimis*) contact satisfies the force element of the robbery statute under which he was convicted and that a person can be convicted of armed robbery in Illinois without proof that the defendant brandished a weapon or made the victim aware that he was armed. *See, e.g.*, *People v. Addison*, 603 N.E.2d 19, 22 (Ill. App. Ct. 1st Dist. 1992); *People v. Taylor*, 541 N.E.2d 677, 679–80 (Ill. 1989). Miles argues in his reply that the generic federal offense of robbery requires more than *de minimis* force. *See* Reply 4–6.

As Miles forthrightly acknowledges in supplemental briefing, the Supreme Court in *Stokeling v. United States*, 139 S. Ct. 544 (2019), "held that under federal law any amount of force sufficient to deprive an unwilling victim of his or her property is sufficient to satisfy the federal definition of force." Def.'s Suppl. Br. 2. Following *Stokeling*, the Seventh Circuit held that Illinois robbery and armed robbery qualify as ACCA violent felonies under that statute's enumerated offenses clause. *Klikno v. United States*, 928 F.3d 539, 549 (7th Cir. 2019). The Seventh Circuit's reasoning in *Klikno* also applies to Miles's arguments here: "[W]e reaffirm our view that Illinois robbery and armed robbery require 'force sufficient to overcome the victim's resistance,' and thus a conviction under either of those laws may be used as a predicate under

9

ACCA." *Id.* (quoting *Stokeling*, 139 S. Ct. at 548). Miles suggests no way of distinguishing *Klikno* and *Stokeling*, and this court sees none. See Def.'s Suppl. Br. 2. Accordingly, Miles's Illinois robbery and armed robbery convictions, as well as the instant case, remain valid predicates under the three strikes law, and his life sentence stands.

### III. Certificate of Appealability

Unless this court issues a certificate of appealability, an appeal may not be taken from the court's order in a § 2255 proceeding. See 28 U.S.C. § 2253(c). Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued only when the petitioner has presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed further with his claims. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the court determines that reasonable jurists could not debate the resolution of Miles's § 2255 motion, given the clear holdings in *Stokeling* and *Klikno*. The court therefore declines to issue a certificate of appealability.

### IV. Conclusion

For the reasons stated, Reginald Miles's motion to set aside or correct his sentence under 28 U.S.C. § 2255 is denied. A certificate of appealability shall not issue from this court.

Dated: April 27, 2022  /s/
Joan B. Gottschall
United States District Judge

10